IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MERILYN K. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 4:09-CV-177-EJL |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| BRIAN UNDERWOOD, Warden, PWCC, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Respondent Brian Underwood's Motion for Summary Dismissal. (Docket No. 13.) Petitioner Merilyn K. Davis (Petitioner) has filed a Response (Docket No. 15), and the Motion is now fully briefed. Having completed a careful review of the above-entitled action, including the record herein and the record of the state proceedings, and having considered the arguments of the parties, the Court enters the following Order.

## MOTION FOR SUMMARY DISMISSAL

**A.      Standard of Law**

Petitioner filed her Petition for Writ of Habeas Corpus on April 14, 2009 (mailbox rule date).[1] Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court).

MEMORANDUM DECISION AND ORDER  1

summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. Summary dismissal of a habeas petition on statute of limitations grounds is permissible so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001) (sua sponte dismissal).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed on April 14, 2009, after AEDPA's enactment date, it is subject to the one-year statute of limitations.

To calculate the statute of limitations deadline, a petitioner must determine when her state court judgment became final. Her federal petition is due within one year of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitations is tolled for "all of the time

MEMORANDUM DECISION AND ORDER 2

during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

Here, the Petition contains claims arising from two different state court convictions. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the United States Supreme Court noted that the language of the habeas corpus statute contemplates that the statute of limitations should be applied on a claim-by-claim basis:

> Section 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Id.* at 416 n.6.[2]  Therefore, the Court will not consider all of the claims arising from both convictions together, but will consider the claims associated with her first criminal conviction separately from the claims arising from her second conviction.

---

[2] *Accord*, *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004), *cert. denied*, 543 U.S. 1067 (2005) (statute of limitations applies on a "claim-by-claim basis"); *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007) (same).

MEMORANDUM DECISION AND ORDER  3

### B.     Discussion of Ada County Case No. H-04-00834

In Case No. H-04-000834, Petitioner pled guilty to and was convicted of forgery and sentenced to ten years fixed with four years indeterminate.  Petitioner's judgment was entered on December 22, 2004. On direct appeal, Petitioner contended that her sentence was excessive. The Idaho Court of Appeals affirmed the sentence on September 27, 2005. Petitioner filed a petition for review before the Idaho Supreme Court, which was denied. The remittitur was issued on November 22, 2005.  (See State's Lodgings E-1, E-2, & F-1 to F-8.)

Petitioner filed a state post-conviction action challenging the outcome of Case No. H-04-00834 on January 12, 2006.  The case was dismissed by the district court on June 12, 2006.  (State's Lodging C-1.)  Petitioner filed a notice of appeal from the dismissal. (State's Lodging C-1.)  The State Appellate Public Defender (SAPD) was appointed to represent Petitioner on appeal.  The SAPD subsequently filed a motion to withdraw, finding no meritorious issues to raise on appeal.  The Idaho Supreme Court granted the motion, and Petitioner was later given notice of a deadline for filing an appellate brief. On July 19, 2007, the Idaho Supreme Court dismissed the post-conviction appeal because no brief had been filed.  The remittitur was issued on August 15, 2007.  (State's Exhibits D-2 to D-7.)  Nearly a year later, on June 10, 2008, Petitioner mailed to the Idaho Attorney General a motion requesting an extension of time to file a late brief.  (State's

MEMORANDUM DECISION AND ORDER  4

Lodging D-8.) However, there is no evidence showing that the Idaho Supreme Court received or docketed any such motion.

On December 26, 2007, Petitioner filed a state habeas corpus petition, alleging inadequate medical care in prison and ineffective assistance of counsel during her criminal action. The petition was dismissed by the state district (magistrate) court on January 14, 2008 (State's Lodgings H-1 & H-2.)

On August 18, 2008, Petitioner filed a second notice of appeal from the denial of post-conviction relief in Case No. H-04-00834, seeking to raise claims that her counsel was ineffective for withdrawing from representation and that the court should have appointed substitute counsel. The Idaho Supreme Court issued a notice of intent to dismiss the appeal as untimely. In response, Petitioner alleged that the SAPD should not have withdrawn and that substitute counsel should be appointed. The Idaho Supreme Court dismissed the appeal on September 25, 2008, and issued a remittitur on October 22, 2008. (State's Lodgings G-1 to G-5.)

On January 13, 2009, Petitioner filed a second Rule 35 motion in Case No. H-04-00834. The state district court denied the motion on June 8, 2009. (State's Lodgings E-3 & E-4.)

For the claims arising from Petitioner's first conviction in Case No. H-04-00834, Petitioner's judgment became final and the federal statute of limitations began running ninety days after November 22, 2005, which set the beginning of the federal statute of limitations date as February 26, 2006. Because Petitioner filed her post-conviction

MEMORANDUM DECISION AND ORDER 5

petition on January 12, 2006, before the date of finality, the federal statue of limitations was tolled during the entire time the post-conviction action was pending.

The Idaho Supreme Court dismissed the appeal of the post-conviction petition, and the remittitur was issued on August 15, 2007. The one-year federal statute began running on that date. Assuming for the sake of argument that Petitioner's second notice of appeal filed August 12, 2008, nearly one year later, statutorily tolled the federal limitations period at the 362-day mark, Petitioner was left with only three days to file her federal petition after the appeal was dismissed and the remittitur issued on October 22, 2008. Therefore, the federal statute would have expired on October 25, 2008.

However, Petitioner did not file her federal Petition until April 14, 2009, eight months later. The Rule 35 motion filed on January 13, 2009, was too late to toll the statute that expired on October 25, 2008. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("§ 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Therefore, the claims arising from her conviction and sentence in Case No. H-04-00834 are untimely and subject to dismissal with prejudice.

### C.    Discussion of Case No. H-04-01728

During the pendency of the forgery action, Petitioner was charged with grand theft in Case No. H-04-01728. Petitioner pled guilty to and was convicted of grand theft, and the trial court imposed the same sentence as in the forgery action, with the sentences to run concurrently. Petitioner's judgment was entered on September 27, 2005. Petitioner

MEMORANDUM DECISION AND ORDER  6

then filed a Rule 35 motion to reduce her sentence, which was denied. (State's Exhibit A-1.)

On appeal, Petitioner challenged only the denial of the Rule 35 motion. The Idaho Court of Appeals affirmed the sentence on June 14, 2006. Petitioner's judgment became final on July 6, 2006, when the Idaho Court of Appeals issued its remittitur. (State's Lodging B-7.)

Petitioner does not qualify for the 90 days' additional time for seeking review before the United States Supreme Court because she did not file a petition for review with the Idaho Supreme Court. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001); United States Supreme Court Rule 13.

Therefore, Petitioner's statute of limitations began running on July 6, 2006. Petitioner did not file a post-conviction petition or any other state court action that would have statutorily tolled the limitations period. The one-year statute period ended one year later on July 6, 2007. As a result, her federal Petition, filed April 16, 2009, was nearly two years too late.

D.  **Petitioner's Arguments that the Federal Petition was Timely Filed**

Petitioner argues that a Rule 35 motion for an illegal sentence can be filed at any time, and, therefore, her Rule 35 motion filed on January 13, 2009, started a new statute of limitations period, which would have made her August 2009 federal Petition timely. However, in her Rule 35 motion, she did not allege a sentencing claim that was newly-arisen, such as that she was being held beyond the sentence imposed. Rather, she raised

MEMORANDUM DECISION AND ORDER  7

ineffective assistance of counsel claims in what was essentially an attempt to re-litigate the post-conviction case that had already been dismissed. (State's Exhibit E-4.) A Rule 35 motion does not trigger the start of a new statute of limitations period as to any claim challenging the original conviction or any sentencing claim that could have been raised on direct appeal or on post-conviction review. As a result, the Court again concludes that the federal Petition here was untimely.

Petitioner next argues that the prison paralegal is unable to give out legal advice and that the paralegal is "under investigation from the ACLU Boise Chapter, due to many cases of negligence." (Docket No. 15, P. 4.) In *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (*en banc*), the Ninth Circuit Court held that the inadequacy of a prison library–particularly, the unavailability of a copy of AEDPA–could constitute an impediment to filing under § 2244(d)(1)(B) (providing that the limitation period "shall run from the latest of . . . the date on which an impediment created by State action in violation of the constitution or laws of the United States is removed if the applicant was prevented from filing by such State action"). However, a petitioner still must provide specific facts showing that the inadequate legal resources caused the untimeliness of the petition. Petitioner has provided no such facts here in relation to her particular circumstances to show a causal connection. Therefore, § 2244(d)(1)(B) does not serve to extend the starting date of the statute of limitations.

MEMORANDUM DECISION AND ORDER 8

**D.     Equitable Tolling**

If a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied.  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418.  In order to qualify for equitable tolling a circumstance must have *caused* a petitioner to be unable to file a federal petition in time.  The Ninth Circuit recently reiterated that "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule."  *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal citation omitted).

The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling.  *United States v. Marolf*, 173 F.3d 1213, 1318, no. 3 (9th Cir. 1999). Respondent adequately informed Petitioner of the equitable tolling standards in the Memorandum supporting the Motion to Dismiss.  (Docket No. 13-1, pp. 13-14.)

Petitioner first argues that her untimeliness should be excused because she is pro se, and pro se pleadings should be liberally construed.  The Court has construed Petitioner's Petition as liberally as possible, but it is constrained to follow the law, which does not allow for lenience in calculating the statute of limitations except in very limited circumstances.  "It is clear that pro se status, on its own, is not enough to warrant equitable tolling."  *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) (citing *Johnson v.*

MEMORANDUM DECISION AND ORDER  9

*United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

      The Court of Appeals for the Ninth Circuit has also particularly noted that ignorance of the law alone is not an appropriate ground for equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006). Similarly, in the procedural default context, the Ninth Circuit has held that illiteracy, borderline mental deficiency, and reliance upon an incompetent jailhouse lawyer are not adequate grounds to show cause to excuse procedural default. *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-08 (9th Cir. 1986). Therefore, the Court is unable to conclude that Petitioner's pro se status or ignorance of the law excuses the untimeliness of her federal Petition.

      In addition, a petitioner must show that he or she acted diligently in pursuit of her case, even if extraordinary circumstances existed to support equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) ("'[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken.'" (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000))).

      In *Roy v. Lampert*, the Ninth Circuit Court relied on the following case to measure a prisoner's diligence:

MEMORANDUM DECISION AND ORDER 10

> In *Helton v. Sec'y for the Dept. of Corrections*, 259 F.3d 1310 (11th Cir.2001), the court found that the prisoner had not exercised reasonable diligence because he never asserted that he "asked for the amendments to the federal habeas corpus statutes," *id*. at 1314, and was in fact not "even aware the library did not have these materials at the time he filed his section 2254 petition," *id*. at 1313; *see also id.* at 1314 ("Helton fails to state any independent efforts he made to determine whether the relevant limitations period began to run.") (emphasis added).

465 F.3d at 971. A prisoner need not allege "specific dates and times of library visits," but must allege enough facts to show that "extraordinary circumstances--and not lack of diligence--caused the failure to file*." Roy v. Lampert*, 465 F.3d at 973. In *Roy v. Lampert*, the Ninth Circuit Court concluded: "By alleging what they did to pursue their claims and complain about their situations, and alleging that they did so before AEDPA's statute of limitations expired, Roy and Kephart have done enough to demonstrate that they were not the cause of their tardiness, and that they would have filed on time but for their transfer to Arizona."

Here, in contrast, while Petitioner generally complains that the prison paralegal is negligent, Petitioner has included no facts to show how she was diligent in attempting to discover the statute of limitations or file within the appropriate time period. Thus, equitable tolling is not warranted.

Petitioner also vaguely alleges that her counsel failed to file state court actions in a timely manner. However, she does not allege that any of her attorneys were at fault for failure to file the federal Petition in time. Inaction of counsel must rise to the level of "extraordinary circumstances" in order to qualify as grounds for equitable tolling. *Spitsyn*

MEMORANDUM DECISION AND ORDER 11

*v. Moore*, 345 F.3d at 800. An attorney's miscalculation of the limitations period and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) (special circumstances exception does not apply simply because the State had appointed the attorney who acted negligently); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). *See also Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir. 2002) (appointed counsel's letter to petitioner containing miscalculated date for filing federal habeas petition was not an extraordinary circumstance warranting equitable tolling of one-year limitations period). Petitioner's argument is rejected for her failure to show a causal connection between any attorney and the lateness of the federal Petition.

E.   **Conclusion**

All of Petitioner's claims arising from both state court judgments are untimely and subject to dismissal with prejudice. As a result, the Court does not reach Respondent's argument that Petitioner's claims are also procedurally defaulted.

### REVIEW OF THE CLAIMS AND THE COURT'S DECISION
### FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal from the Order and Judgment in this case, and in the interest of conserving time and resources, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will issue only

MEMORANDUM DECISION AND ORDER 12

when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484.

Here, the Court has denied Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the timeliness issues raised in the Motion to Dismiss and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If she wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a timely notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

MEMORANDUM DECISION AND ORDER 13

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Extension of Time to File an Answer or Pre-Answer Motion (Docket No. 9) is GRANTED. Respondent's Motion for Summary Dismissal (Docket No. 13) is deemed timely filed.

IT IS FURTHER HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 13) is GRANTED. Petitioner's Petition is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that the Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a timely notice of appeal (within 30 days after entry of this Order and Judgment), the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal to the United States Court of Appeals for the Ninth Circuit.

DATED: December 16, 2009

Honorable Edward J. Lodge
U. S. District Judge